**Petition for Writ of Mandamus Denied and Majority and Dissenting Opinions filed July 31, 2018.**



In The

# Fourteenth Court of Appeals

## NO. 14-18-00085-CV

## IN RE HMR FUNDING, LLC, Relator

ORIGINAL PROCEEDING
WRIT OF MANDAMUS
215th District Court
Harris County, Texas
Trial Court Cause No. 2015-15269

## D I S S E N T I N G   O P I N I O N

The trial court abused its discretion in denying the relator's motion to dismiss under Texas Rule of Civil Procedure 91a based on the conclusion that the relator filed the motion after the deadline. The relator timely filed the motion. The purported late-filing was the only reason for the dismissal; the trial court did not even consider the merits of the motion. Because the relator lacks an adequate

appellate remedy, this court should grant mandamus relief directing the trial court to vacate the order denying the Rule 91a motion and to rule on the merits of the motion.

### *The trial court abused its discretion by denying the motion as untimely.*

Robert Coleman sued Melford Amkrum and Best Transportation Services, Inc. (collectively, the "Best Transportation Parties") for injuries sustained in a motor-vehicle accident. Coleman assigned his right to seek recovery of medical expenses to relator HMR Funding, LLC. The Best Transportation Parties filed their original third-party petition against HMR Funding on June 2, 2016. The Best Transportation Parties attempted to serve citation on HMR Funding by serving the Texas Secretary of State on July 11, 2016.

HMR Funding claims that the service of citation on the Secretary of State was defective service. Though HMR Funding alleges improper service, it voluntarily appeared in the case on February 22, 2017, by answering and asserting affirmative defenses and matters in avoidance (lack of capacity, lack of standing, lack of ripeness, and contributory negligence). HMR Funding filed a Rule 91a motion to dismiss on April 24, 2017, asserting that the Best Transportation Parties lacked standing and capacity to maintain their claims against HMR Funding and that their claims for unconscionable contracts, usurious interest, and invalid assignments have no basis in law or fact.[1]

The Best Transportation Parties responded that HMR Funding did not timely file its motion to dismiss because HMR Funding filed the motion more than sixty

---

[1] *See* Tex. R. Civ. P. 91a.1 (providing that a party may move to dismiss a claim on the grounds that it has no basis in law or fact).

2

days after service of process.[2]  The Best Transportation Parties contend that the trigger date was the date on which citation was served on the Secretary of State (July 11, 2016).  HMR Funding contends that the Best Transportation Parties did not properly serve process on HMR Funding and, therefore, the sixty-day deadline for HMR Funding to file its Rule 91a motion to dismiss did not begin to run until the date on which HMR Funding filed its answer and appeared (February 22, 2017).

The trial court held a hearing on HMR Funding's motion and later signed an order stating that the trial court had denied the motion because the motion was untimely.  As required by Rule 91a, the trial court ordered HMR Funding to pay the Best Transportation Parties $2,500 in attorney's fees.[3]

HMR filed a motion seeking permission to appeal the interlocutory order denying its Rule 91a motion.  The trial court granted HMR permission to appeal and stayed all further proceedings until a final resolution of the permissive appeal.  But, this court denied HMR Funding's petition for permissive interlocutory appeal.[4]

HMR Funding then brought this original proceeding, contending that the trial court clearly abused its discretion by denying its Rule 91a on the sole ground that HMR Funding filed the motion late.  HMR Funding also asserts that it lacks an adequate appellate remedy for the trial court's erroneous interlocutory order.

---

[2] *See* Tex. R. Civ. P. 91a.3 (a) (requiring the motion to dismiss to be "filed within 60 days after the first pleading containing the challenged cause of action is served on the movant").

[3] *See* Tex. R. Civ. P. 91a.7 (providing that "the court must award the prevailing party on the motion all costs and reasonable and necessary attorney fees incurred with respect to the challenged cause of action in the trial court").

[4] *See HMR Funding, LLC v. Ankrum*, No. 14-17-00702-CV, 2017 WL 6102784, at *1 (Tex. App.— Houston [14th Dist.] Dec. 7, 2017, no pet.) (mem. op.).

A party must file a Rule 91a motion to dismiss "within 60 days after the first pleading containing the challenged cause of action is served on the movant."[5] This case raises an issue of apparent first impression as to whether the "service" in this rule is service of citation for a movant who has not yet been served with citation or made an appearance in the lawsuit. This court should conclude that, under Rule 91a's unambiguous language, as to a party who has not been served with citation or made an appearance in the lawsuit, the sixty-day period for filing a Rule 91a motion to dismiss begins when service of citation is effected properly or when the party makes an appearance in the lawsuit, whichever occurs first.[6]

The Best Transportation Parties claim that HMR Funding waived any service defects for all purposes by failing to file a motion to quash the defective service. If

---

[5] Tex. R. Civ. P. 91a.3.

[6] *See id.*; Tex. R. Civ. P. 120 (providing that a defendant's appearance "shall have the same force and effect as if the citation had been duly issued and served a provided by law"); *Zanchi v. Lane*, 408 S.W.3d 373, 379 (Tex. 2013) (holding that objection provision in section 74.351(a) of the Texas Civil Practice and Remedies Code is not implicated until the defendant has an obligation to take part in the proceedings and, as a result the twenty-one-day objection period does not begin to run until the defendant is served with process); *Ross v. Nat'l Ctr. for the Emp't of the Disabled*, 197 S.W.3d 795, 798 (Tex. 2006) ("While diligence is required from properly served parties or those who have appeared, those not properly served have no duty to act, diligently or otherwise.") (citations omitted); *Caldwell v. Barnes*, 154 S.W.3d 93, 97 n.1 (Tex. 2004) (per curiam) ("A party who becomes aware of the proceedings without proper service has no duty to participate in them."); *Harrell v. Mexico Cattle Co.*, 11 S.W. 683, 865 (1889) ("A defendant may know that a suit has been brought against him, yet he is not bound to take action until he has been duly served with process."); *Bacharach v. Garcia*, 485 S.W.3d 600, 601–02 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (holding period for filing motion to dismiss under the Texas Citizens' Participation Act began on date party made an appearance without having been served with process even though statute provided that period began on "date of service of the legal action") ; *Jordan v. Hall*, 510 S.W.3d 194, 196–97 (Tex. App.—Houston [1st Dist.] 2016, no pet.) (same as *Bacharach*). The majority does not address whether the trial abused its discretion. The majority effectively concludes that, even if the trial court clearly abused its discretion, HMR Funding is not entitled to mandamus relief because it has an adequate appellate remedy.

HMR Funding had filed a motion to quash service and shown the defective service, HMR Funding would not be entitled to have citation served on it properly; instead, the only relief it would have received would have been additional time to file its answer.[7] HMR Funding's failure to move to quash service of citation does not affect the date on which the sixty-day period for filing a Rule 91a motion to dismiss begins.[8]

Section 17.044 of the Texas Civil Practice and Remedies Code, entitled "Substituted Service on Secretary of State," provides:

> (a) The secretary of state is an agent for service of process or complaint on a nonresident who:
>
> (1) is required by statute to designate or maintain a resident agent or engages in business in this state, but has not designated or maintained a resident agent for service of process;
>
> (2) has one or more resident agents for service of process, but two unsuccessful attempts have been made on different business days to serve each agent; or

---

[7] *See* Tex. R. Civ. P. 122; *Kawasaki Steel Corp. v. Middleton*, 699 S.W.2d 199, 200 (Tex. 1985). Rule 122 provides for quashing service:

> If the citation or service thereof is quashed on motion of the defendant, such defendant shall be deemed to have entered his appearance at ten o'clock a.m. on the Monday next after the expiration of twenty (20) days after the day on which the citation or service is quashed, and such defendant shall be deemed to have been duly served so as to require him to appear and answer at that time, and if he fails to do so, judgment by default may be rendered against him.

Tex. R. Civ. P. 122.

[8] *See id*.

(3) is not required to designate an agent for service in this state, but becomes a nonresident after a cause of action arises in this state but before the cause is matured by suit in a court of competent jurisdiction.

(b) The secretary of state is an agent for service of process on a nonresident who engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process, in any proceeding that arises out of the business done in this state and to which the nonresident is a party.[9]

Under the statute's clear text, the secretary of state is not an agent for service of process as to a nonresident required by statute to designate or maintain a resident agent or engages in business in this state unless the nonresident (1) has not designated or maintained an agent for service of process in Texas or (2) has one or more resident agents for service of process, but two unsuccessful attempts have been made on different business days to serve each agent.[10]

Section 5.251 of the Texas Business Organizations Code, entitled "Failure to Designate Registered Agent," provides:

The secretary of state is an agent of an entity for purposes of service of process, notice, or demand on the entity if:

(1) the entity is a filing entity or a foreign filing entity and:

(A) the entity fails to appoint or does not maintain a registered agent in this state; or

(B) the registered agent of the entity cannot with reasonable diligence be found at the registered office of the entity[.][11]

---

[9] Tex. Civ. Prac. & Rem. Code Ann. § 17.044(a), (b) (West, Westlaw through 2017 1st C.S.).

[10] *See id*.

[11] Tex. Bus. Orgs. Code Ann. § 5.251 (West, Westlaw through 2017 1st C.S.).

According to this provision's unambiguous language, the secretary of state is not an agent for service of process under this statute as to a filing entity or a foreign filing entity unless the entity (1) fails to appoint or does not maintain a registered agent in this state, or (2) the registered agent of the entity cannot with reasonable diligence be found at the registered office of the entity.[12]

The Best Transportation Parties alleged in their original third-party petition that HMR Funding is a foreign business entity that had designated Capitol Services Corporation as its registered agent. According to the Best Transportation Parties' pleading, HMR Funding could be served with process through this agent, and they listed the address for this agent in Texas. They did not allege any of the following: (1) that HMR Funding has not designated or maintained an agent for service of process in Texas or (2) that HMR Funding has one or more resident agents for service of process, but two unsuccessful attempts have been made on different business days to serve each agent; or (3) that HMR Funding failed to appoint or did not maintain a registered agent in this state, or (4) that HMR Funding's registered agent cannot with reasonable diligence be found at HMR Funding's registered office. Nor have the Best Transportation Parties alleged or proved that any of these four scenarios applies in this case. Because none of these scenarios apply, the secretary of state was not an agent for service of process on HMR Funding, and service of citation was not properly effected on HMR Funding.[13] And, because HMR Funding was never properly served with citation, the sixty-day period for

---

[12] *See id.*

[13] Tex. Civ. Prac. & Rem. Code Ann. § 17.044(a), (b); Tex. Bus. Orgs. Code Ann. § 5.251.

filing a Rule 91a motion to dismiss as to claims in the original third-party petition began when HMR Funding made an appearance in the lawsuit on February 22, 2017.[14] Thus, HMR Funding timely filed its motion to dismiss on April 24, 2017, and the trial court clearly abused its discretion by denying this motion solely on the ground that HMR Funding did not file it timely.[15]

### *The relator lacks an adequate appellate remedy.*

Courts assess the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments.[16] In evaluating benefits and detriments, we are to consider whether mandamus would preserve important substantive and procedural rights from impairment or loss.[17] We also must consider whether granting mandamus relief would allow the appellate courts to give needed and helpful direction to the law that otherwise would prove elusive in appeals from final judgments.[18] Finally, we are to consider whether mandamus relief would spare litigants and the public the time and money wasted enduring eventual reversal of improperly conducted proceedings.[19]

---

[14] *See* Tex. R. Civ. P. 91a.3; Tex. R. Civ. P. 120; *Zanchi*, 408 S.W.3d at 379; *Ross*, 197 S.W.3d at 798; *Caldwell*, 154 S.W.3d at 97 n.1; *Bacharach*, 485 S.W.3d at 601–02; *Jordan*, 510 S.W.3d at 196–97.

[15] *See* Tex. R. Civ. P. 91a.3; Tex. R. Civ. P. 120; *Zanchi*, 408 S.W.3d at 379; *Ross*, 197 S.W.3d at 798; *Caldwell*, 154 S.W.3d at 97 n.1; *Bacharach*, 485 S.W.3d at 601–02; *Jordan*, 510 S.W.3d at 196–97.

[16] *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008).

[17] *Id*.

[18] *Id*.

[19] *Id*.

The Texas Legislature directed the Supreme Court of Texas to adopt rules to provide for the dismissal of claims that have no basis in law or fact on motion and without evidence.[20] The Legislature required that the rules provide for the motion to dismiss to be granted or denied within 45 days of its filing.[21] In response, the Supreme Court of Texas promulgated Rule 91a, under which a defendant who timely files a motion to dismiss has the right to a ruling on the merits of the motion within 45 days after filing.[22] Under the rule, except in an action by or against a governmental entity, a defendant who prevails on a motion to dismiss has the right to recover all costs and reasonable and necessary attorney's fees incurred with respect to the challenged claims.[23]

*Preservation of Important Substantive and Procedural Rights*

By erroneously concluding that HMR Funding had filed its motion to dismiss late and by denying the motion only on this basis, the trial court has deprived HMR Funding of its right to a prompt ruling on the merits of its Rule 91a motion. Additionally, the trial court erroneously ordered HMR Funding to pay the Best Transportation Parties $2,500 in attorney's fees under Rule 91a.7.[24] In making these rulings, the trial court has deprived HMR Funding of the opportunity to recover its costs and reasonable and necessary attorney's fees, in the event the Best Transportation Parties' claims have no basis in law or fact.[25] Thus, granting

---

[20] *See* Tex. Gov't Code Ann. § 22.004(g) (West, Westlaw through 2017 1st C.S.).

[21] *See id.*

[22] *See* Tex. R. Civ. P. 91a.3.

[23] *See* Tex. R. Civ. P. 91a.7.

[24] *See* Tex. R. Civ. P. 91a.3, 91a.7.

[25] *See* Tex. R. Civ. P. 91a.7.

mandamus relief would preserve important substantive and procedural rights from impairment or loss.[26]

*Court's Ability to Give Direction to the Law*

Granting mandamus relief also would allow this court to give needed and helpful direction to the law as to when the sixty-day period for filing a Rule 91a motion to dismiss begins for a party who has not been served with citation or made an appearance in the lawsuit.[27] This issue is likely to recur and judicial direction and guidance on this point otherwise would prove elusive in appeals from final judgments.[28]

*Inadequacy of Summary-Judgment Relief*

The majority concludes that HMR Funding may get a ruling on the merits of its defenses and arguments by asserting a motion for summary judgment. Yet, if HMR Funding does so, and secures a summary judgment, HMR Funding would not be entitled to recover its reasonable attorney's fees, nor would the summary judgment operate to set aside the $2,500 in attorney's fees awarded to the Best Transportation Parties under Rule 91a.7.[29]

A recent opinion from the Supreme Court of Texas shows that HMR Funding has no adequate appellate remedy to challenge the trial court's erroneous award of $2,500 in attorney's fees under Rule 91a.7.[30] In *ConocoPhillips Co. v. Koopmann*,

---

[26] *See In re Team Rocket, L.P.*, 256 S.W.3d at 262–63.

[27] *See id.*

[28] *See id.*

[29] *See* Tex. R. Civ. P. 91a, 166a.

[30] *See* Tex. R. Civ. P. 91a.7; *ConocoPhillips Co. v. Koopmann*, No. 16-0662, — S.W.3d —, —, 2018 WL1440639, at *15–16 (Tex. Mar. 23, 2018).

the Koopmanns sued Burlington Resources Oil & Gas Company, L.P., asserting a declaratory-judgment claim as well as several non-declaratory judgment claims.[31] Burlington filed a motion to dismiss the non-declaratory judgment claims under Rule 91a, without moving to dismiss the declaratory-judgment claim.[32] The Koopmanns asserted that Burlington had filed its motion to dismiss late as to all but the negligence claims and that their claims were not frivolous.[33] The trial court denied the motion and ordered Burlington to pay the Koopmanns $26,190 in attorney's fees under Rule 91a.7.[34] Burlington did not seek mandamus relief as to this order, nor did Burlington pursue a permissive interlocutory appeal.[35] Burlington later filed a summary-judgment motion as to the non-declaratory judgment claims asserting arguments similar to those made in its motion to dismiss.[36] The trial court granted the summary-judgment motion and ordered that the Koopmanns take nothing as to these claims.[37]

After the trial court rendered a final judgment, both the Koopmanns and Burlington appealed.[38] Burlington argued, among other things, that the trial court erred in denying its motion to dismiss under Rule 91a and in ordering Burlington to

---

[31] *See ConocoPhillips Co.*, 2018 WL1440639, at *2.

[32] *See id.*

[33] *See id.* at *15.

[34] *See id.*

[35] *See id.* at *16.

[36] *See id.* at *2.

[37] *See id.*

[38] *See id.*

pay the Koopmanns' attorney's fees under Rule 91a.7.[39] The Koopmanns challenged the trial court's summary judgment as to the non-declaratory judgment claims.[40] The court of appeals affirmed the trial court's summary judgment as to all of the non-declaratory judgment claims, except for the breach-of-contract claim, as to which the court reversed, and the court of appeals rejected Burlington's challenge to the trial court's ruling on its Rule 91a motion to dismiss.[41] Burlington sought and obtained review by the Supreme Court of Texas; the Koopmanns did not challenge the court of appeals's judgment.[42]

After adjudicating the declaratory-relief issues and affirming the court of appeals's judgment as to the breach-of-contract claim, the supreme court addressed Burlington's argument that the trial court erred in denying its motion to dismiss under Rule 91a.[43] The high court stated that Burlington asked the court to hold that the trial court erred in denying the motion to dismiss "*even though* the trial court ultimately granted Burlington summary judgment on those claims." [44] After again noting that the trial court had granted Burlington summary judgment after denying its motion to dismiss, the supreme court stated that "[a]pparently, Burlington is *not satisfied*, because it asks us to hold that the trial court erred in denying its motion to dismiss."[45] The *ConocoPhillips* court concluded that if it were to hold that the trial

---

[39] *See id*. at *3,*15.

[40] *See id*. at *3.

[41] *See id*.

[42] *See id*.

[43] *See id*. at *15–16.

[44] *See id*. at *15 (emphasis added).

[45] *See id*. (emphasis added).

court erred in denying Burlington's motion to dismiss under Rule 91a, this holding would require the supreme court to vacate or overrule the trial court's summary judgment in Burlington's favor.[46] The high court stated that it could not vacate or overrule the trial court's summary judgment because the Koopmanns had not sought review of the court of appeals's affirmance of the summary judgment as to all claims except the breach-of-contract claim and therefore this affirmance was final and not before the high court.[47] The *ConocoPhillips* court noted that Burlington could have challenged the trial court's denial of its motion to dismiss by a petition for writ of mandamus or by seeking a permissive interlocutory appeal and that Burlington had failed to do so.[48]

Under this binding precedent if this court denies mandamus relief based on an adequate remedy by appeal and if HMR Funding eventually obtains a dismissal of the Best Transportation Parties' claims in the trial court's final judgment, HMR Funding will not be able to obtain appellate review of the trial court's denial of its Rule 91a motion unless the Best Transportation Parties appeal the trial court's judgment.[49] An appellate remedy contingent upon an opponent's decision to appeal the trial court's judgment is not an adequate appellate remedy.[50]

---

[46] *See id*. at *16.

[47] *See id*. at *15–16.

[48] *See id*. at *16; *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding) (per curiam) (granting mandamus relief as to trial court's denial of a Rule 91a motion to dismiss).

[49] *See ConocoPhillips Co.*, 2018 WL 1440639, at *15–16.

[50] *See In re Team Rocket, L.P.*, 256 S.W.3d at 262–63.

In *ConocoPhillips*, Burlington challenged in the supreme court the court of appeals's failure to reverse the trial court's denial of its Rule 91a motion.[51] As the high court pointed out, sustaining Burlington's appellate complaint would have required the supreme court to render judgment setting aside the trial court's summary judgment, reversing the trial court's Rule 91a order, and granting Burlington's Rule 91a motion.[52] Thus, though Burlington did not assert that the trial court erred on the merits in granting summary judgment in its favor, Burlington's challenge to the trial court's prior denial of its Rule 91a motion necessarily challenged the court of appeal's affirmance of the trial court's summary judgment.[53]

The *ConocoPhillips* court concluded that it could not review Burlington's complaint because "the court of appeals'[s] affirmance of the summary judgment is final and not before us."[54] According to the high court, the reason that the court of appeals's affirmance of the summary judgment was final and not before the supreme court was that "[t]he Koopmanns did not appeal that ruling."[55] The majority suggests that HMR Funding may obtain an adequate appellate remedy simply by appealing the trial court's final judgment in its favor, even if the Best Transportation Parties do not appeal.[56] But, according to the *ConocoPhillips* court, if the Best Transportation Parties fail to appeal, this failure will make the trial court's judgment

---

[51] *See ConocoPhillips Co.*, 2018 WL1440639, at *15.

[52] *See id.* at *16.

[53] *See id.*

[54] *Id.*

[55] *Id.* at *15 (stating that "The Koopmanns did not appeal that ruling, and thus the court of appeals' judgment affirming the summary judgment is final and not before us").

[56] *See ante* at 8.

14

in HMR Funding's favor final and will prevent HMR Funding from getting review on appeal of any complaint by HMR Funding that the trial court erred in denying its Rule 91a motion.[57]   So, HMR Funding does not have an adequate remedy by appeal.[58]

Balancing the benefits of mandamus review against the detriments, this court should conclude that HMR Funding lacks an adequate appellate remedy.[59]

### *Conclusion*

HMR Funding has shown that the trial court clearly abused its discretion in denying the Rule 91a motion to dismiss as untimely and that HMR Funding lacks an adequate appellate remedy.  This court should grant HMR Funding's request for mandamus relief directing the trial court (1) to vacate the order denying the Rule 91a motion and (2) to rule on the merits of the motion.  Because the court does not do so, I respectfully dissent.


/s/     Kem Thompson Frost
Chief Justice


Panel consists of Chief Justice Frost and Justices Busby and Wise (Wise, J., majority).

---

[57] *See ConocoPhillips Co.*, 2018 WL1440639, at *15–16.

[58] *See In re Team Rocket, L.P.*, 256 S.W.3d at 262–63.

[59] *See ConocoPhillips Co.*, 2018 WL1440639, at *2; *In re Essex Ins. Co.*, 450 S.W.3d at 528; *In re Team Rocket, L.P.*, 256 S.W.3d at 262–63.